# NO. 12-14-00058-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CANTRELL NIMOY SASH,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Cantrell Nimoy Sash appeals his conviction for arson. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

On May 24, 2013, Appellant arrived at his apartment. Outside the apartment, Appellant's wife visited with a neighbor. According to the neighbor, Appellant and his wife had an argument and Appellant went inside the apartment. A few minutes later, Appellant's wife attempted to enter the apartment, but the door was locked. She noticed that smoke was coming from under the door, and unsuccessfully attempted to open it. At the same time, she called for help from her neighbors. One of them, John Frye, kicked open the door and entered the apartment. He went to the bedroom looking for Appellant, but the smoke and flames were unbearable. Frye, who was unable to see or breathe well, reached for Appellant and could not find him. As Frye left the apartment, he noticed that Appellant was lying on the couch and he tried to take him out of the apartment. Appellant first stated that he wanted his wife to come inside the apartment, and ultimately that he wanted to be left alone in the apartment to die. In the meantime, John Ingram, another neighbor at the complex, broke one of the apartment's exterior windows.

Frye left the apartment, at which point Appellant came to the broken window calling for his wife. Frye and Ingram immediately grabbed Appellant and pulled him through the window. They noticed Appellant had a knife, restrained him, and carried him downstairs. Appellant struggled with Frye and Ingram, but they were able to keep him from reentering the apartment.

At that point, police and firefighters arrived. The firefighters extinguished the fire, which was rapidly developing into a serious fire. Police and firefighters rescued three children from one of the neighboring apartments that was in the path of the fire and sustaining smoke and water damage. Emergency Medical Technicians (EMTs) also arrived, and they inspected Appellant for injuries. Appellant appeared to have cut himself with his knife. The EMTs noted two superficial wounds on Appellant's abdomen, but determined they were so minor that they required no treatment. After extinguishing the fire, Deputy Fire Marshal Anthony Gumber investigated the cause of the fire. He determined that Appellant intentionally started the fire by igniting the mattress in the bedroom.

After interviewing the witnesses, the authorities arrested Appellant. He was indicted for arson, enhanced to the punishment level of a first degree felony with a minimum sentence of imprisonment for fifteen years.[1] Appellant pleaded "not guilty" to the offense and "true" to the enhancement. After a trial, the jury found Appellant guilty of the charged offense. The jury subsequently sentenced Appellant to forty-eight years of imprisonment. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[2]

---

[1] *See* TEX. PENAL CODE ANN. §§ 12.42(c)(1) (West Supp. 2014); 28.02(d)(2) (West 2011).

[2] Counsel for Appellant states in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired, and no pro se brief has been filed.

We have reviewed the record for reversible error and have found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

<u>CONCLUSION</u>

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 13, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 13, 2015

NO. 12-14-00058-CR

**CANTRELL NIMOY SASH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1511-13)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*